UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Mark W. Mayer, Larry C. Welsh and Brandi | : | |
| Young, Individually, on Behalf of the | : | |
| Smurfit-Stone Container Corporation | : | |
| Savings Plan the Jefferson Smurfit | : | |
| Corporation Hourly Savings Plan the | : | |
| Smurfit-Stone Container Corporation | : | |
| Hourly Savings Plan, and St. Laurent | : | |
| Paperboard Hourly Savings Plan, and | : | |
| on Behalf of All Others Similarly Situated, | : | |
| | : | |
|     Plaintiffs, | : | Case No. 1:09-cv-02984 |
| v. | : | Hon. Virginia M. Kendall |
| | : | |
| Administrative Committee of the Smurfit- | : | |
| Stone Container Corporation Retirement | : | |
| Plans , Patrick J. Moore, Paul K. Kaufman, | : | |
| Charles Hinrichs, Ron Hackney and | : | |
| Brian Gardner, | : | |
| | : | |
|     Defendants. | : | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR RIGHT
TO MAINTAIN THESE CLAIMS ON BEHALF OF THE PLANS WITHOUT
OBTAINING CLASS CERTIFICATION UNDER RULE 23**

Plaintiffs Mark W. Mayer, Larry C. Welsh and Brandi Young ("Plaintiffs") bring their

ERISA breach of fiduciary duty claims on behalf of the Smurfit-Stone ERISA Plans pursuant to

ERISA section 502(a)(2), 29 U.S.C. §1132(a)(2).  As a matter of law, these claims may be

prosecuted to their conclusion and full relief may be obtained by way of judgment without class

certification under Rule 23, Fed. R. Civ. P.  While class certification is often granted in cases

such as this, it is neither necessary nor required.  Plaintiffs accordingly request that the Court rule

at the outset of this litigation that they need not move for class certification.

In a recent, thoroughly reasoned opinion, Judge Pallmeyer applied Seventh Circuit precedent to find that class certification is not required for a participant to bring a claim on behalf of a plan under ERISA § 502(a)(2).  In <u>Waldron v. Dugan</u>, 2007 WL 4365358 (N.D. Ill. Dec. 13, 2007), the defendants argued that an ERISA section 502(a)(2) claim filed by a plan participant "should be dismissed because it was not pleaded as a class action nor as a derivative claim."  <u>Id</u>. at *5.  Judge Pallmeyer rejected this argument, noting that plaintiffs were "seeking, in Count III, to have Dugan make restitution to the Fund for allegedly converting its assets.  None of [defendants' cited] cases stand for the proposition that a section 502(a)(2) claim must be pleaded either derivatively or as a class action."  <u>Id</u>.  Judge Pallmeyer relied, in part, upon <u>Thornton v. Evans</u>, 692 F.2d 1064, 80 n.35 (7th Cir. 1982), which "distinguished [a] judicially-created right to relief from the statutory right under ERISA section 502(a), which specifically authorizes individual suits by participants against plan fiduciaries."  <u>Id</u>. at *6.  Judge Pallmeyer recognized that while "[s]ome courts have in fact required that a section 502(a)(2) claim by a plan participant against a trustee be pleaded either derivatively or as a class action . . . the[] concerns [motivating such decisions], however valid, are insufficient to overcome the fact that neither ERISA itself, nor the Federal Rules of Civil Procedure, require ERISA participants to bring section 502(a)(2) claims derivatively. . . . [and] courts should be very reluctant to tinker with [ERISA's] plain language, especially regarding its enforcement scheme."  <u>Id</u>.[1]

---

[1] Other court have also allowed participant 502(a)(2) claims to proceed without class certification. *See e.g.* <u>Thompson v. Avondale Industries, Inc</u>, 27 Employee Benefits Cas. 1325, 2001 WL 1543497, *2 (E.D.La. Nov. 30, 2001) ("Plaintiffs are entitled to sue as plan participants on behalf ESOP under 29 U.S.C. § 1132(a)(2). . . . to hold that Plaintiffs' right to bring their ERISA claims on behalf of the ESOP as a whole is subject to the requirements of either Rule 23.1 (derivative action by shareholders) or Rule 23 (class action) would frustrate the broad remedial and protective objectives of ERISA. In the absence of an explicit legislative directive that this type of suit must be brought either as a derivative suit (under Rule 23.1) or as a class action (under Rule 23), this court will not presume that Congress intended to make such a

Judge Pallmeyer's analysis is entirely consistent with the text of the statute. ERISA

Section 502(a)(2), 29 U.S.C. § 1132(a)(2), states that "[a] civil action may be brought - . . . by the

Secretary [of Labor], or by a participant, beneficiary or fiduciary for appropriate relief under

section 1109 of this title[.]" ERISA Section 409(a), 29 U.S.C. § 1109(a), states that:

> Any person who is a fiduciary with respect to a plan who breaches any of the
> responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter
> shall be personally liable to make good to such plan any losses to the plan resulting
> from each such breach, and to restore to such plan any profits of such fiduciary which
> have been made through use of assets of the plan by the fiduciary, and shall be
> subject to such other equitable or remedial relief as the court may deem appropriate,
> including removal of such fiduciary.

The statute draws no distinction between claims brought by the Secretary, a fiduciary or a

participant. Under these statutes, the Secretary of Labor routinely brings suit under ERISA

502(a)(2) without any resort to class action rules or procedures.[2] Actions by plan fiduciaries are

also prosecuted without class certification.[3] Since the statute does not distinguish in any way

---

requirement."); Behling v. Russell, 293 F.Supp.2d 1178, 1180 (D.Mont. 2003) (class certification
not needed for settlement of participant 502(a)(2) suit); c.f. Coan v. Kaufman, 457 F.3d 250, 259-
60 (2d Cir. 2006) ("plan participants need not always comply with Rule 23 to act as a
representative of other plan participants or beneficiaries . . . the requirement is only that the
plaintiff take adequate steps under the circumstances properly to act in a representative capacity
on behalf of the plan."); Kayes v. Pacific Lumber Co., 51 F.3d 1449 (9th Cir. 1995) (ERISA
section 502(a)(3) claim not "derivative suit" subject to Rule 23.1).

[2] See e.g. Chao v. Meixner, No. 07-595, 2007 WL 4225069, *2 (N.D. Ga. Nov. 27, 2007)
(Secretary of Labor action under ERISA 502(a)(2), no class); Chao v. Johnston, No. 06-226,
2007 WL 2847548, *4 (E.D.Tenn. Jul. 09, 2007) (same); Chao v. Kropf,
05-845, 2007 WL 2025779, *1 (W.D.Mich., Jul. 09, 2007) (same); Chao v. Magic P.I. & Sec.,
Inc., No. 04-205, 2007 WL 689987, *4 (W.D.Mich. Mar. 02, 2007) (same); Donovan v. Robbins,
579 F.Supp. 817, 819 (N.D. Ill. 1984) (same).

[3] See e.g. Wright v. Heyne, 349 F.3d 321, 322 (6th Cir. 2003) (suit by fiduciary under ERISA
502(a), no class); Trustees of Nat. Elevator Industry Pension, Health Benefit and Educational
Funds v. Lutyk, 332 F.3d 188, 190, 193 (3d Cir. 2003) (suit by fiduciary under ERISA 502(a)(2)
and 409, no class); Dudley Supermarket, Inc. v. Transamerica Life Ins. and Annuity Co., 302
F.3d 1, 2 (1st Cir. 2002) (suit by fiduciary under ERISA 502(a)(2), no class).

among the status or standing of the Secretary of Labor, a plan fiduciary or a plan participant, a

participant must be able to proceed without a class in the same way as the Secretary of Labor and

plan fiduciaries.

The legislative history of ERISA further reinforces the fact that a 502(a)(2) claim may

proceed without class certification.  The early version of the bill which was to become ERISA,

P.L. 93-406, expressly *did* require participant suits to proceed as class actions:

> Sec. 503(g)(1) Civil actions under this title brought by the Secretary or by a
> participant, beneficiary, or fiduciary may be brought in any court of competent
> jurisdiction, State or Federal. ***In any action by a participant under subsection (e)(3)
> such participant shall maintain such action as a representative of all other
> participants similarly situated as a class.***

Employee Retirement Income Security Act of 1974 Legis. History 35(A&P) (emphasis added).

The class action requirement was summarized in the Report issued on passage of the Bill by the

U.S. House of Representatives.

> Civil actions brought by a participant or beneficiary may be brought in any court,
> State or Federal.  However, the Secretary would have the right to intervene in a case
> and remove it to a Federal district court. In any actions by a participant or beneficiary,
> the court could, at its discretion, allow reasonable attorneys' fees and costs of action
> to either party. ***Class actions shall be brought where requirements for class actions
> could be met.***

H.R. REP. 93-533, H.R. Rep. No. 533, 93TH Cong., 2ND Sess. 1974, 1974 U.S.C.C.A.N. 4639,

1973 WL 12549 (Leg.Hist.), *4659 (emphasis added).  However, this House class action

requirement was subsequently dropped in the final version emerging out of Conference

Committee, which became law.  28 U.S.C. 1132(a)(2); *see* H.R. Conf. Rep. No. 1280, 93TH

Cong., 2ND Sess. 1974, 1974 U.S.C.C.A.N. 5038, 1974 WL 11542 (Leg. Hist.), *5107 ("Under

the conference agreement, civil actions may be brought by a participant or beneficiary to recover

benefits due under the plan, to clarify rights to receive future benefits under the plan, and for

relief from breach of fiduciary responsibility.")  It goes without saying that courts should not add

provisions to statutes that the legislature has deliberately deleted, especially in the context of

ERISA. *See* Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 209 (2002) ("ERISA

is a comprehensive and reticulated statute, the product of a decade of congressional study of the

nation's private employee benefit system. We have therefore been especially reluctant to tamper

with the enforcement scheme embodied in the statute by extending remedies not specifically

authorized by its text" (internal citations omitted)).

      The statutory text is clear and unambiguous.  Nothing in section 502(a)(2) requires that a

suit under the statute be brought as a class action under Rule 23.  The concept of imposing Rule

23 hurdles for the prosecution of participant Section 502(a)(2) claims has been and should be

rejected, as it was most recently in Waldron.

DATED: September 23, 2009

               Respectfully submitted,

By:   /s/Robert A. Izard
        Robert A. Izard
        Wayne T. Boulton
        **IZARD NOBEL LLP**
        29 South Main Street, Suite 215
        West Hartford, CT 06107
        Telephone: (860) 493-6292
        Facsimile: (860) 493-6290
        *rizard@izardnobel.com*
        *wboulton@izardnobel.com*

Charles R. Watkins
John R. Wylie
William W. Thomas
**FUTTERMAN HOWARD
WATKINS WYLIE
 & ASHLEY, CHTD.**
122 S. Michigan Ave., Suite 1850
Chicago, IL  60603
Telephone:  (312) 427-3600
Facsimile:  (312) 427-1850
*cwatkins@futtermanhoward.com*
*jwylie@futtermanhoward.com*
*wthomas@futtermanhoward.com*

Major Khan
**Major Khan LLC**
20 Bellevue Terrace
Weehawken, NJ 07086
Telephone: (646) 546-5664
Facsimile (646) 546-5755
mk@mk-llc.com

## <u>CERTIFICATION</u>

I hereby certify that on September 23, 2009, a copy of the foregoing was filed

electronically and served by mail on anyone unable to accept electronic filing.  Notice of this

filing system will be sent by e-mail to all parties by operation of the Court's electronic filing

system or by mail to anyone unable to accept electronic filing as indicated on the Notice of

Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ Wayne T. Boulton
Wayne T. Boulton