# Exhibit

# A

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SMURFIT-STONE CONTAINER CORPORATION, et al.,[1]<br><br>                Debtors.<br><br>SMURFIT-STONE CONTAINER CORPORATION, et al.<br><br>                Plaintiffs,<br>v.<br><br>MARK W. MAYER, LARRY C. WELSH AND BRANDI YOUNG, INDIVIDUALLY, ON BEHALF OF THE SMURFIT-STONE CONTAINER CORPORATION SAVINGS PLAN, THE JEFFERSON SMURFIT CORPORATION HOURLY SAVINGS PLAN, THE SMURFIT-STONE CONTAINER CORPORATION HOURLY SAVINGS PLAN, AND THE ST. LAURENT PAPERBOARD HOURLY SAVINGS PLAN, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>                Defendants. | **Chapter 11**<br><br>**Case No. 09-10235 (BLS)**<br>**Jointly Administered**<br><br><br>**Adv. Pro. No. 09-51067 (BLS)**<br><br>Ref. Docket No. 19 |

## ORDER GRANTING INJUNCTIVE RELIEF

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Smurfit-Stone Container Corporation (1401), Smurfit-Stone Container Enterprises, Inc. (1256), Calpine Corrugated, LLC (0470), Cameo Container Corporation (5701), Lot 24D Redevelopment Corporation (6747), Atlanta & Saint Andrews Bay Railway Company (0093), Stone International Services Corporation (9630), Stone Global, Inc. (0806), Stone Connecticut Paperboard Properties, Inc. (8038), Smurfit-Stone Puerto Rico, Inc. (5984), Smurfit Newsprint Corporation (1650), SLP Finance I, Inc. (8169), SLP Finance II, Inc. (3935), SMBI Inc. (2567), Smurfit-Stone Container Canada Inc. (3988), Stone Container Finance Company of Canada II (1587), 3083527 Nova Scotia Company (8836), MBI Limited/Limitée (6565), Smurfit-MBI (1869), 639647 British Columbia Ltd. (7733), B.C. Shipper Supplies Ltd. (7418), Specialty Containers Inc. (6564), SLP Finance General Partnership (9525), Francobec Company (7735), and 605681 N.B. Inc. (1898). The Debtors' corporate headquarters are located at, and the mailing address for each Debtor is, 222 North LaSalle Street, Chicago, Illinois 60601.

Debtors Smurfit-Stone Container Corporation, et al., ("Plaintiffs") having commenced this action by Verified Complaint on June 17, 2009 against Defendants Mark W. Mayer, Larry C. Welsh and Brandi Young, individually, and to the extent they are deemed to be acting on behalf of the Smurfit-Stone Container Corporation Savings Plan, the Jefferson Smurfit Corporation Hourly Savings Plan, The Smurfit-Stone Container Corporation Hourly Savings Plan, and the St. Laurent Paperboard Hourly Savings Plan (collectively, the "Plans"), and all others similarly situated participating in the lawsuit filed by the aforementioned named Defendants on May 18, 2009 in the United States District Court for the Northern District of Illinois, Case No. 09-CV-2984, and Plaintiffs having moved this Court pursuant to 11 U.S.C. §§ 362(a) and 105(a) and Rule 7065 of the Federal Rules of Bankruptcy Procedure for temporary and preliminary injunctive relief enjoining Defendants from all proceedings in the civil action brought by the Defendants against in the United States District Court for the Northern District of Illinois, Case No. 09-CV-2984, and Plaintiffs having filed the Declaration of Craig A. Hunt, sworn to on June 17th, 2009, and a Memorandum of Law in support of its Motion, and the Defendants having conducted limited discovery and responded by a Memorandum of Law opposing the Motion on October 16, 2009, and the Plaintiffs having filed a Reply on October 28, 2009, and the parties having appeared before the Court for oral argument concerning the Motion and the Verified Complaint on November 4, 2009, and it appearing from all of the foregoing that Plaintiffs have a reasonable likelihood of success on the merits of their reorganization, and the Court further finding that the Plaintiffs will suffer irreparable harm from the actions of the Defendants herein in the absence of injunctive relief, and the Court further finding that the harm to be suffered by Plaintiffs in the absence of injunctive relief outweighs any harm that the

Defendant will suffer as a result of the relief requested, and it further appearing that the public interest will be served by entry of the relief requested;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED and DECREED, that Plaintiff's request for injunctive relief as set forth in the Verified Complaint is granted, as both an extension of the Automatic Stay and under traditional injunction standards, and it is further

ORDERED, ADJUDGED and DECREED, that, for a period of 120 days from the date of the November 4, 2009, hearing on this matter, Defendants are restrained and enjoined from all proceedings in the civil action brought by Defendants in the United States District Court for the Northern District of Illinois, Case No. 09-CV-2984, and it is further

ORDERED, ADJUDGED and DECREED, that the parties shall appear before the Court for status as of the time and date scheduled for the omnibus hearing concerning the Debtors' bankruptcy proceeding that is immediately prior to the expiration of the aforementioned 120-day injunction period, at which time the Court will hear arguments (if any) concerning whether the injunctive relief set forth herein should be extended, and it is further

ORDERED, ADJUDGED and DECREED, that this Court shall retain jurisdiction to hear and determine all matters arising from and related to the implementation of this Order.

Dated: Wilmington, Delaware

November 18, 2009

_____
Brendan Linehan Shannon
United States Bankruptcy Judge