# Exhibit 6

Mark W. Mayer, Larry C. Welsh and Brandi : 
Young, Individually, and on Behalf of the :
Smurfit-Stone Container Corporation :
Savings Plan the Jefferson Smurfit :
Corporation Hourly Savings Plan the :
Smurfit-Stone Container Corporation Hourly :
Savings Plan, and St. Laurent Paperboard :
Hourly Savings Plan, :
:
          Plaintiffs, :
:
    v. :
:
ADMINISTRATIVE COMMITTEE OF :
THE SMURFIT-STONE CONTAINER :
CORPORATION RETIREMENT PLANS , :
PATRICK J. MOORE, PAUL K. :
KAUFMAN, CHARLES HINRICHS, RON :
HACKNEY AND BRIAN GARDNER, :
:
        Defendants. :

Case No. 1:09-cv-02984
Hon. Virginia M. Kendall

## DECLARATION OF PLAINTIFF DARRELL AUSTIN IN SUPPORT OF FINAL APPROVAL OF PROPOSED SETTLEMENT

I, Darrell Austin, make this Declaration pursuant to 28 U.S.C. § 1746:

1. I am one of the named Plaintiffs in this action and a resident of the state of Louisiana. I am a current/former employee of Smurfit-Stone Container Corp., ("Smurfit"), having been employed by Smurfit from March 31, 1994 to Present .

2. I submit this Declaration in support of Plaintiffs' motion for final approval of the proposed settlement and in support of Plaintiffs' motion for an award of attorneys fees, reimbursement of case expenses and case contribution awards.

3.     I understand that this Court has issued an order preliminarily approving the settlement for purposes of giving notice of the proposed settlement plan participants.

While I was employed by Smurfit, I was a participant in the Smurfit-Stone Container Corporation Savings Plan (the "Plan"). I was a Plan participant during the period covered by this litigation.

4.     I am represented by Squitieri & Fearon, Izard Nobel LLP and Major Kahn LLC.

5.     During the period covered by the litigation, my Plan account contained Smurfit company stock.

6.     After careful consideration, I agreed to serve as one of the named plaintiffs.  I understand, that among other things, this case was initially brought as a class action lawsuit against a Smurfit committee and employees who were responsible for the Plan losses to my Plan and other 401(k) plans associated with Smurfit (collectively "Plans") as a result of the Plans' investment in the stock of Smurfit.

7.     I understood at the time that I agreed to participate as a named plaintiff that I may have to appear for a deposition (possibly in Louisiana) and give testimony in this action.  I also understand that if the case goes to trial I would have to travel to give testimony live before the fact-finder.

8.     Prior to my authorization to commence a lawsuit on behalf of myself and on behalf of a proposed class of participants in the Plan, I reviewed and approved the initial complaint.  In prosecuting the suit, I hoped to obtain a monetary recovery for myself and other Plan participants who held Smurfit common stock or units of the Smurfit stock fund in their Plan accounts.

9.     I became involved in this litigation because I believe it was wrong for Defendants to permit the Plans to invest in the stock of Smurfit during this period.  I do not think it was

2

prudent for the Plans to invest in company stock in light of the serious undisclosed financial problems Smurfit was having nor was it proper for Defendants not to disclose this information to Plan participants.

10.   My attorney gave me updates as to the progress of the litigation.

11.   I believe that my claims in this case are basically the same as the claims of the other participants in the Plans. As such, I think that my claims and the claims of others involve common issues. I also think my claims are typical of the claims of other Plan participants as some of my 401(k) was invested in Smurfit company stock at a time when the Smurfit stock was not a prudent investment for retirement.

12.   I also believe that I am an adequate representative as I have been faithful in communicating with my attorneys and overseeing the progress of the case.

13.   I have reviewed the settlement that is being proposed. I believe that the proposed settlement is in the best interest and would ask the Court to give final approval to the proposed settlement. I am aware that the proposed settlement as well as the attorneys' fees and case expense applications are subject to court approval. As of this date, I am unaware of any person who objects to the foregoing.

14.   If the settlement is approved, I understand that the recovery will be paid to the Plans and then apportioned amongst the accounts in the Plans on a pro rata basis pursuant to a Court approved Plan of Allocation after deducting administrative expenses, any plaintiff awards, and any award of attorneys' fees and case expenses as approved by the Court.

15.   I have not kept detailed daily or other time records which would show the precise amount of time which I have devoted to this case. I estimate that my total time devoted to this litigation, including all of my phone calls, emails and other consultations with Plaintiffs' counsel,

reviewing the papers in the case, involved approximately <u>40</u> hours of my time from 2009 to the present.

16.    For all the foregoing reasons, I respectfully request that this court grant the motion for an award of attorneys fees, reimbursement of expenses and case contribution awards.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on July <u>31</u>, 2011

<u>Darrell Austin</u>
Darrell Austin

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| Mark W. Mayer, Larry C. Welsh and Brandi Young, Individually, and on Behalf of the Smurfit-Stone Container Corporation Savings Plan the Jefferson Smurfit Corporation Hourly Savings Plan the Smurfit-Stone Container Corporation Hourly Savings Plan, and St. Laurent Paperboard Hourly Savings Plan, | Case No. 1:09-cv-02984 Hon. Virginia M. Kendall |

Plaintiffs,

v.

ADMINISTRATIVE COMMITTEE OF
THE SMURFIT-STONE CONTAINER
CORPORATION RETIREMENT
PLANS , PATRICK J. MOORE, PAUL
K. KAUFMAN, CHARLES HINRICHS,
RON HACKNEY AND BRIAN
GARDNER,

Defendants.

## DECLARATION OF PLAINTIFF SCOTT BLACKSTOCK IN SUPPORT OF FINAL APPROVAL OF PROPOSED SETTLEMENT

I, Scott Blackstock, make this Declaration pursuant to 28 U.S.C. § 1746:

1. I am one of the named Plaintiffs in this action and a resident of the state of Louisiana.

I am a current/former employee of Smurfit-Stone Container Corp., ("Smurfit"), having been

employed by Smurfit from _October 1990_ to _present_

2. I submit this Declaration in support of Plaintiffs' motion for final approval of the proposed settlement and in support of Plaintiffs' motion for an award of attorneys fees, reimbursement of case expenses and case contribution awards.

3. I understand that this Court has issued an order preliminarily approving the settlement for purposes of giving notice of the proposed settlement plan participants.
While I was employed by Smurfit, I was a participant in the Smurfit-Stone Container Corporation Savings Plan (the "Plan"). I was a Plan participant during the period covered by this litigation.

4. I am represented by Squitieri & Fearon, Izard Nobel LLP and Major Kahn LLC.

5. During the period covered by the litigation, my Plan account contained Smurfit company stock.

6. After careful consideration, I agreed to serve as one of the named plaintiffs. I understand, that among other things, this case was initially brought as a class action lawsuit against a Smurfit committee and employees who were responsible for the Plan losses to my Plan and other 401(k) plans associated with Smurfit (collectively "Plans") as a result of the Plans' investment in the stock of Smurfit.

7. I understood at the time that I agreed to participate as a named plaintiff that I may have to appear for a deposition (possibly in Louisiana) and give testimony in this action. I also understand that if the case goes to trial I would have to travel to give testimony live before the fact-finder.

8. Prior to my authorization to commence a lawsuit on behalf of myself and on behalf of

2

prosecuting the suit, I hoped to obtain a monetary recovery for myself and other Plan participants who held Smurfit common stock or units of the Smurfit stock fund in their Plan accounts.

9. I became involved in this litigation because I believe it was wrong for Defendants to permit the Plans to invest in the stock of Smurfit during this period. I do not think it was prudent for the Plans to invest in company stock in light of the serious undisclosed financial problems Smurfit was having nor was it proper for Defendants not to disclose this information to Plan participants.

10. My attorney gave me updates as to the progress of the litigation.

11. I believe that my claims in this case are basically the same as the claims of the other participants in the Plans. As such, I think that my claims and the claims of others involve common issues. I also think my claims are typical of the claims of other Plan participants as some of my 401(k) was invested in Smurfit company stock at a time when the Smurfit stock was not a prudent investment for retirement.

12. I also believe that I am an adequate representative as I have been faithful in communicating with my attorneys and overseeing the progress of the case.

13. I have reviewed the settlement that is being proposed. I believe that the proposed settlement is in the best interest and would ask the Court to give final approval to the proposed settlement. I am aware that the proposed settlement as well as the attorneys' fees and case expense applications are subject to court approval. As of this date, I am unaware of any person who objects to the foregoing.

14. If the settlement is approved, I understand that the recovery will be paid to the Plans and then apportioned amongst the accounts in the Plans on a pro rata basis pursuant to a Court

3

and then apportioned amongst the accounts in the Plans on a pro rata basis pursuant to a Court approved Plan of Allocation after deducting administrative expenses, any plaintiff awards, and any award of attorneys' fees and case expenses as approved by the Court.

15. I have not kept detailed daily or other time records which would show the precise amount of time which I have devoted to this case. I estimate that my total time devoted to this litigation, including all of my phone calls, emails and other consultations with Plaintiffs' counsel, reviewing the papers in the case, involved approximately $30$ hours of my time from 2009 to the present.

16. For all the foregoing reasons, I respectfully request that this court grant the motion for an award of attorneys fees, reimbursement of expenses and case contribution awards.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July $30$, 2011

_____
Scott Blackstock

4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Mark W. Mayer, Larry C. Welsh and Brandi : <br> Young, Individually, and on Behalf of the : <br> Smurfit-Stone Container Corporation : <br> Savings Plan the Jefferson Smurfit : <br> Corporation Hourly Savings Plan the : <br> Smurfit-Stone Container Corporation Hourly : <br> Savings Plan, and St. Laurent Paperboard : <br> Hourly Savings Plan, : <br> : <br>             Plaintiffs, : <br>   v. : <br> : <br> ADMINISTRATIVE COMMITTEE OF : <br> THE SMURFIT-STONE CONTAINER : <br> CORPORATION RETIREMENT PLANS , : <br> PATRICK J. MOORE, PAUL K. : <br> KAUFMAN, CHARLES HINRICHS, RON : <br> HACKNEY AND BRIAN GARDNER, : <br> : <br>          Defendants. : | Case No. 1:09-cv-02984 <br> Hon. Virginia M. Kendall |

### DECLARATION OF PLAINTIFF GARY BROWN IN SUPPORT
### OF FINAL APPROVAL OF PROPOSED SETTLEMENT

I, Gary Brown, make this Declaration pursuant to 28 U.S.C. § 1746:

1.     I am one of the named Plaintiffs in this action and a resident of the state of Louisiana. I am a current/former employee of Smurfit-Stone Container Corp., ("Smurfit"), having been employed by Smurfit from _8-26-75_ to _Present_.

2.     I submit this Declaration in support of Plaintiffs' motion for final approval of the proposed settlement and in support of Plaintiffs' motion for an award of attorneys fees, reimbursement of case expenses and case contribution awards.

3.     I understand that this Court has issued an order preliminarily approving the settlement for purposes of giving notice of the proposed settlement plan participants.

While I was employed by Smurfit, I was a participant in the Smurfit-Stone Container Corporation Savings Plan (the "Plan"). I was a Plan participant during the period covered by this litigation.

4.     I am represented by Squitieri & Fearon, Izard Nobel LLP and Major Kahn LLC.

5.     During the period covered by the litigation, my Plan account contained Smurfit company stock.

6.     After careful consideration, I agreed to serve as one of the named plaintiffs. I understand, that among other things, this case was initially brought as a class action lawsuit against a Smurfit committee and employees who were responsible for the Plan losses to my Plan and other 401(k) plans associated with Smurfit (collectively "Plans") as a result of the Plans' investment in the stock of Smurfit.

7.     I understood at the time that I agreed to participate as a named plaintiff that I may have to appear for a deposition (possibly in Louisiana) and give testimony in this action. I also understand that if the case goes to trial I would have to travel to give testimony live before the fact-finder.

8.     Prior to my authorization to commence a lawsuit on behalf of myself and on behalf of a proposed class of participants in the Plan, I reviewed and approved the initial complaint. In prosecuting the suit, I hoped to obtain a monetary recovery for myself and other Plan participants who held Smurfit common stock or units of the Smurfit stock fund in their Plan accounts.

9.     I became involved in this litigation because I believe it was wrong for Defendants to permit the Plans to invest in the stock of Smurfit during this period. I do not think it was

2

prudent for the Plans to invest in company stock in light of the serious undisclosed financial problems Smurfit was having nor was it proper for Defendants not to disclose this information to Plan participants.

10. My attorney gave me updates as to the progress of the litigation.

11. I believe that my claims in this case are basically the same as the claims of the other participants in the Plans. As such, I think that my claims and the claims of others involve common issues. I also think my claims are typical of the claims of other Plan participants as some of my 401(k) was invested in Smurfit company stock at a time when the Smurfit stock was not a prudent investment for retirement.

12. I also believe that I am an adequate representative as I have been faithful in communicating with my attorneys and overseeing the progress of the case.

13. I have reviewed the settlement that is being proposed. I believe that the proposed settlement is in the best interest and would ask the Court to give final approval to the proposed settlement. I am aware that the proposed settlement as well as the attorneys' fees and case expense applications are subject to court approval. As of this date, I am unaware of any person who objects to the foregoing.

14. If the settlement is approved, I understand that the recovery will be paid to the Plans and then apportioned amongst the accounts in the Plans on a pro rata basis pursuant to a Court approved Plan of Allocation after deducting administrative expenses, any plaintiff awards, and any award of attorneys' fees and case expenses as approved by the Court.

15. I have not kept detailed daily or other time records which would show the precise amount of time which I have devoted to this case. I estimate that my total time devoted to this litigation, including all of my phone calls, emails and other consultations with Plaintiffs' counsel,

3

reviewing the papers in the case, involved approximately 24 hours of my time from 2009 to the present.

16.    For all the foregoing reasons, I respectfully request that this court grant the motion for an award of attorneys fees, reimbursement of expenses and case contribution awards.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 29, 2011

_Gary Brown_
Gary Brown

4

---

Mark W. Mayer, Larry C. Welsh and Brandi :
Young, Individually, and on Behalf of the     :
Smurfit-Stone Container Corporation           :
Savings Plan the Jefferson Smurfit            :
Corporation Hourly Savings Plan the           :     Case No. 1:09-cv-02984
Smurfit-Stone Container Corporation Hourly :        Hon. Virginia M. Kendall
Savings Plan, and St. Laurent Paperboard      :
Hourly Savings Plan,                          :
                                              :
                      Plaintiffs,             :
            v.                                :
                                              :
ADMINISTRATIVE COMMITTEE OF                    :
THE SMURFIT-STONE CONTAINER                    :
CORPORATION RETIREMENT PLANS ,  :
PATRICK J. MOORE, PAUL K.                      :
KAUFMAN, CHARLES HINRICHS, RON  :
HACKNEY AND BRIAN GARDNER,                     :
                                              :
                      Defendants.             :

---

## DECLARATION OF PLAINTIFF DAVID CULPEPPER IN SUPPORT
## OF FINAL APPROVAL OF PROPOSED SETTLEMENT

I, David Culpepper, make this Declaration pursuant to 28 U.S.C. § 1746:

1.      I am one of the named Plaintiffs in this action and a resident of the state of

Louisiana.  I am a current or former employee of Smurfit-Stone Container Corp., ("Smurfit"),

having been employed by Smurfit from October 1991 to PRESENT .

2.      I submit this Declaration in support of Plaintiffs' motion for final approval of the

proposed settlement and in support of Plaintiffs' motion for an award of attorneys fees,

reimbursement of case expenses and case contribution awards.

3. I understand that this Court has issued an order preliminarily approving the settlement for purposes of giving notice of the proposed settlement plan participants.

While I was employed by Smurfit, I was a participant in the Smurfit-Stone Container Corporation Savings Plan (the "Plan"). I was a Plan participant during the period covered by this litigation.

4. I am represented by Squitieri & Fearon, Izard Nobel LLP and Major Kahn LLC.

5. During the period covered by the litigation, my Plan account contained Smurfit company stock.

6. After careful consideration, I agreed to serve as one of the named plaintiffs. I understand, that among other things, this case was initially brought as a class action lawsuit against a Smurfit committee and employees who were responsible for the Plan losses to my Plan and other 401(k) plans associated with Smurfit (collectively "Plans") as a result of the Plans' investment in the stock of Smurfit.

7. I understood at the time that I agreed to participate as a named plaintiff that I may have to appear for a deposition (possibly in Louisiana) and give testimony in this action. I also understand that if the case goes to trial I would have to travel to give testimony live before the fact-finder.

8. Prior to my authorization to commence a lawsuit on behalf of myself and on behalf of a proposed class of participants in the Plan, I reviewed and approved the initial complaint. In prosecuting the suit, I hoped to obtain a monetary recovery for myself and other Plan participants who held Smurfit common stock or units of the Smurfit stock fund in their Plan accounts.

9. I became involved in this litigation because I believe it was wrong for Defendants to permit the Plans to invest in the stock of Smurfit during this period. I do not think it was

prudent for the Plans to invest in company stock in light of the serious undisclosed financial problems Smurfit was having nor was it proper for Defendants not to disclose this information to Plan participants.

10.    My attorney gave me updates as to the progress of the litigation.

11.    I believe that my claims in this case are basically the same as the claims of the other participants in the Plans.  As such, I think that my claims and the claims of others involve common issues.  I also think my claims are typical of the claims of other Plan participants as some of my 401(k) was invested in Smurfit company stock at a time when the Smurfit stock was not a prudent investment for retirement.

12.    I also believe that I am an adequate representative as I have been faithful in communicating with my attorneys and overseeing the progress of the case.

13.    I have reviewed the settlement that is being proposed.  I believe that the proposed settlement is in the best interest and would ask the Court to give final approval to the proposed settlement.  I am aware that the proposed settlement as well as the attorneys' fees and case expense applications are subject to court approval.  As of this date, I am unaware of any person who objects to the foregoing.

14.    If the settlement is approved, I understand that the recovery will be paid to the Plans and then apportioned amongst the accounts in the Plans on a pro rata basis pursuant to a Court approved Plan of Allocation after deducting administrative expenses, any plaintiff awards, and any award of attorneys' fees and case expenses as approved by the Court.

15.    I have not kept detailed daily or other time records which would show the precise amount of time which I have devoted to this case.  I estimate that my total time devoted to this litigation, including all of my phone calls, emails and other consultations with Plaintiffs' counsel,

reviewing the papers in the case, involved approximately 12 hours of my time from 2009 to the present.

16.    For all the foregoing reasons, I respectfully request that this court grant the motion for an award of attorneys fees, reimbursement of expenses and case contribution awards.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 31, 2011

David Culpepper
David Culpepper

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| Mark W. Mayer, Larry C. Welsh and Brandi : <br> Young, Individually, and on Behalf of the : <br> Smurfit-Stone Container Corporation : <br> Savings Plan the Jefferson Smurfit : <br> Corporation Hourly Savings Plan the : <br> Smurfit-Stone Container Corporation Hourly : <br> Savings Plan, and St. Laurent Paperboard : <br> Hourly Savings Plan, : <br> : <br> Plaintiffs, : <br> v. : <br> : <br> ADMINISTRATIVE COMMITTEE OF : <br> THE SMURFIT-STONE CONTAINER : <br> CORPORATION RETIREMENT PLANS , : <br> PATRICK J. MOORE, PAUL K. : <br> KAUFMAN, CHARLES HINRICHS, RON : <br> HACKNEY AND BRIAN GARDNER, : <br> : <br> Defendants. : | Case No. 1:09-cv-02984 <br> Hon. Virginia M. Kendall |

## DECLARATION OF PLAINTIFF CARLA FISHER IN SUPPORT
## OF FINAL APPROVAL OF PROPOSED SETTLEMENT

I, Carla Fisher, make this Declaration pursuant to 28 U.S.C. § 1746:

1.   I am one of the named Plaintiffs in this action and a resident of the state of Arkansas.  I am a current/former employee of Smurfit-Stone Container Corp., ("Smurfit"), having been employed by Smurfit from _08/27/1990_ to _07/2008_ .

2.   I submit this Declaration in support of Plaintiffs' motion for final approval of the proposed settlement and in support of Plaintiffs' motion for an award of attorneys fees, reimbursement of case expenses and case contribution awards.

3.    I understand that this Court has issued an order preliminarily approving the settlement for purposes of giving notice of the proposed settlement plan participants.

While I was employed by Smurfit, I was a participant in the Smurfit-Stone Container Corporation Savings Plan (the "Plan"). I was a Plan participant during the period covered by this litigation.

4.    I am represented by Squitieri & Fearon, Izard Nobel LLP and Major Kahn LLC.

5.    During the period covered by the litigation, my Plan account contained Smurfit company stock.

6.    After careful consideration, I agreed to serve as one of the named plaintiffs. I understand, that among other things, this case was initially brought as a class action lawsuit against a Smurfit committee and employees who were responsible for the Plan losses to my Plan and other 401(k) plans associated with Smurfit (collectively "Plans") as a result of the Plans' investment in the stock of Smurfit.

7.    I understood at the time that I agreed to participate as a named plaintiff that I may have to appear for a deposition (possibly in Arkansas) and give testimony in this action. I also understand that if the case goes to trial I would have to travel to give testimony live before the fact-finder.

8.    Prior to my authorization to commence a lawsuit on behalf of myself and on behalf of a proposed class of participants in the Plan, I reviewed and approved the initial complaint. In prosecuting the suit, I hoped to obtain a monetary recovery for myself and other Plan participants who held Smurfit common stock or units of the Smurfit stock fund in their Plan accounts.

9.    I became involved in this litigation because I believe it was wrong for Defendants to permit the Plans to invest in the stock of Smurfit during this period. I do not think it was

2

prudent for the Plans to invest in company stock in light of the serious undisclosed financial problems Smurfit was having nor was it proper for Defendants not to disclose this information to Plan participants.

10.   My attorney gave me updates as to the progress of the litigation.

11.   I believe that my claims in this case are basically the same as the claims of the other participants in the Plans. As such, I think that my claims and the claims of others involve common issues. I also think my claims are typical of the claims of other Plan participants as some of my 401(k) was invested in Smurfit company stock at a time when the Smurfit stock was not a prudent investment for retirement.

12.   I also believe that I am an adequate representative as I have been faithful in communicating with my attorneys and overseeing the progress of the case.

13.   I have reviewed the settlement being proposed. I believe that the proposed settlement is in the best interest and would ask the Court to give final approval to the proposed settlement. I am aware that the proposed settlement as well as the attorneys' fees and case expense applications are subject to court approval. As of this date, I am unaware of any person who objects to the foregoing.

14.   If the settlement is approved, I understand that the recovery will be paid to the Plans and then apportioned amongst the accounts in the Plans on a pro rata basis pursuant to a Court approved Plan of Allocation after deducting administrative expenses, any plaintiff awards, and any award of attorneys' fees and case expenses as approved by the Court.

15.   I have not kept detailed daily or other time records which would show the precise amount of time which I have devoted to this case. I estimate that my total time devoted to this litigation, including all of my phone calls, emails and other consultations with Plaintiffs' counsel,

3

reviewing the papers in the case, involved approximately $118$ hours of my time from 2009 to the present.

    16.    For all the foregoing reasons, I respectfully request that this court grant the motion for an award of attorneys fees, reimbursement of expenses and case contribution awards.


    I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 31, 2011

Carla Fisher

4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| Mark W. Mayer, Larry C. Welsh and Brandi Young, Individually, and on Behalf of the Smurfit-Stone Container Corporation Savings Plan the Jefferson Smurfit Corporation Hourly Savings Plan the Smurfit-Stone Container Corporation Hourly Savings Plan, and St. Laurent Paperboard Hourly Savings Plan, | : : : : : : : : : | Case No. 1:09-cv-02984 Hon. Virginia M. Kendall |
| Plaintiffs, | : : | |
| v. | : : | |
| ADMINISTRATIVE COMMITTEE OF THE SMURFIT-STONE CONTAINER CORPORATION RETIREMENT PLANS , PATRICK J. MOORE, PAUL K. KAUFMAN, CHARLES HINRICHS, RON HACKNEY AND BRIAN GARDNER, | : : : : : : : | |
| Defendants. | : : | |

## DECLARATION OF PLAINTIFF RICHARD KAHL IN SUPPORT OF FINAL APPROVAL OF PROPOSED SETTLEMENT

I, Richard Kahl, make this Declaration pursuant to 28 U.S.C. § 1746:

1.    I am one of the named Plaintiffs in this action and a resident of the state of Arkansas.  I am a current/former employee of Smurfit-Stone Container Corp., ("Smurfit"), having been employed by Smurfit from _10-2-1993_ to _7-14-2009_ .

2.    I submit this Declaration in support of Plaintiffs' motion for final approval of the proposed settlement and in support of Plaintiffs' motion for an award of attorneys fees, reimbursement of case expenses and case contribution awards.

3. I understand that this Court has issued an order preliminarily approving the settlement for purposes of giving notice of the proposed settlement plan participants.

While I was employed by Smurfit, I was a participant in the Smurfit-Stone Container Corporation Savings Plan (the "Plan"). I was a Plan participant during the period covered by this litigation.

4. I am represented by Squitieri & Fearon, Izard Nobel LLP and Major Kahn LLC.

5. During the period covered by the litigation, my Plan account contained Smurfit company stock.

6. After careful consideration, I agreed to serve as one of the named plaintiffs. I understand, that among other things, this case was initially brought as a class action lawsuit against a Smurfit committee and employees who were responsible for the Plan losses to my Plan and other 401(k) plans associated with Smurfit (collectively "Plans") as a result of the Plans' investment in the stock of Smurfit.

7. I understood at the time that I agreed to participate as a named plaintiff that I may have to appear for a deposition (possibly in Arkansas) and give testimony in this action. I also understand that if the case goes to trial I would have to travel to give testimony live before the fact-finder.

8. Prior to my authorization to commence a lawsuit on behalf of myself and on behalf of a proposed class of participants in the Plan, I reviewed and approved the initial complaint. In prosecuting the suit, I hoped to obtain a monetary recovery for myself and other Plan participants who held Smurfit common stock or units of the Smurfit stock fund in their Plan accounts.

9. I became involved in this litigation because I believe it was wrong for Defendants to permit the Plans to invest in the stock of Smurfit during this period. I do not think it was

2

prudent for the Plans to invest in company stock in light of the serious undisclosed financial problems Smurfit was having nor was it proper for Defendants not to disclose this information to Plan participants.

10. My attorney gave me updates as to the progress of the litigation.

11. I believe that my claims in this case are basically the same as the claims of the other participants in the Plans. As such, I think that my claims and the claims of others involve common issues. I also think my claims are typical of the claims of other Plan participants as some of my 401(k) was invested in Smurfit company stock at a time when the Smurfit stock was not a prudent investment for retirement.

12. I also believe that I am an adequate representative as I have been faithful in communicating with my attorneys and overseeing the progress of the case.

13. I have reviewed the settlement that is being proposed. I believe that the proposed settlement is in the best interest and would ask the Court to give final approval to the proposed settlement. I am aware that the proposed settlement as well as the attorneys' fees and case expense applications are subject to court approval. As of this date, I am unaware of any person who objects to the foregoing.

14. If the settlement is approved, I understand that the recovery will be paid to the Plans and then apportioned amongst the accounts in the Plans on a pro rata basis pursuant to a Court approved Plan of Allocation after deducting administrative expenses, any plaintiff awards, and any award of attorneys' fees and case expenses as approved by the Court.

15. I have not kept detailed daily or other time records which would show the precise amount of time which I have devoted to this case. I estimate that my total time devoted to this litigation, including all of my phone calls, emails and other consultations with Plaintiffs' counsel,

reviewing the papers in the case, involved approximately _29_ hours of my time from 2009 to the present.

16.     For all the foregoing reasons, I respectfully request that this court grant the motion for an award of attorneys fees, reimbursement of expenses and case contribution awards.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 22, 2011

Richard Kahl
Richard Kahl

| | |
|---|---|
| Mark W. Mayer, Larry C. Welsh and Brandi Young, Individually, and on Behalf of the Smurfit-Stone Container Corporation Savings Plan the Jefferson Smurfit Corporation Hourly Savings Plan the Smurfit-Stone Container Corporation Hourly Savings Plan, and St. Laurent Paperboard Hourly Savings Plan, | Case No. 1:09-cv-02984 Hon. Virginia M. Kendall |
| Plaintiffs, | |
| v. | |
| ADMINISTRATIVE COMMITTEE OF THE SMURFIT-STONE CONTAINER CORPORATION RETIREMENT PLANS , PATRICK J. MOORE, PAUL K. KAUFMAN, CHARLES HINRICHS, RON HACKNEY AND BRIAN GARDNER, | |
| Defendants. | |

## DECLARATION OF PLAINTIFF CHAD McFEARIN IN SUPPORT OF FINAL APPROVAL OF PROPOSED SETTLEMENT

I, Chad McFearin, make this Declaration pursuant to 28 U.S.C. § 1746:

1. I am one of the named Plaintiffs in this action and a resident of the state of Louisiana. I am a current/former employee of Smurfit-Stone Container Corp., ("Smurfit"), having been employed by Smurfit from *4-91* to *10-08*.

2. I submit this Declaration in support of Plaintiffs' motion for final approval of the proposed settlement and in support of Plaintiffs' motion for an award of attorneys fees, reimbursement of case expenses and case contribution awards.

3. I understand that this Court has issued an order preliminarily approving the settlement for purposes of giving notice of the proposed settlement plan participants.

While I was employed by Smurfit, I was a participant in the Smurfit-Stone Container Corporation Savings Plan (the "Plan"). I was a Plan participant during the period covered by this litigation.

4. I am represented by Squitieri & Fearon, Izard Nobel LLP and Major Kahn LLC.

5. During the period covered by the litigation, my Plan account contained Smurfit company stock.

6. After careful consideration, I agreed to serve as one of the named plaintiffs. I understand, that among other things, this case was initially brought as a class action lawsuit against a Smurfit committee and employees who were responsible for the Plan losses to my Plan and other 401(k) plans associated with Smurfit (collectively "Plans") as a result of the Plans' investment in the stock of Smurfit.

7. I understood at the time that I agreed to participate as a named plaintiff that I may have to appear for a deposition (possibly in Louisiana) and give testimony in this action. I also understand that if the case goes to trial I would have to travel to give testimony live before the fact-finder.

8. Prior to my authorization to commence a lawsuit on behalf of myself and on behalf of a proposed class of participants in the Plan, I reviewed and approved the initial complaint. In prosecuting the suit, I hoped to obtain a monetary recovery for myself and other Plan participants who held Smurfit common stock or units of the Smurfit stock fund in their Plan accounts.

9. I became involved in this litigation because I believe it was wrong for Defendants to permit the Plans to invest in the stock of Smurfit during this period. I do not think it was

2

prudent for the Plans to invest in company stock in light of the serious undisclosed financial problems Smurfit was having nor was it proper for Defendants not to disclose this information to Plan participants.

10. My attorney gave me updates as to the progress of the litigation.

11. I believe that my claims in this case are basically the same as the claims of the other participants in the Plans. As such, I think that my claims and the claims of others involve common issues. I also think my claims are typical of the claims of other Plan participants as some of my 401(k) was invested in Smurfit company stock at a time when the Smurfit stock was not a prudent investment for retirement.

12. I also believe that I am an adequate representative as I have been faithful in communicating with my attorneys and overseeing the progress of the case.

13. I have reviewed the settlement that is being proposed. I believe that the proposed settlement is in the best interest and would ask the Court to give final approval to the proposed settlement. I am aware that the proposed settlement as well as the attorneys' fees and case expense applications are subject to court approval. As of this date, I am unaware of any person who objects to the foregoing.

14. If the settlement is approved, I understand that the recovery will be paid to the Plans and then apportioned amongst the accounts in the Plans on a pro rata basis pursuant to a Court approved Plan of Allocation after deducting administrative expenses, any plaintiff awards, and any award of attorneys' fees and case expenses as approved by the Court.

15. I have not kept detailed daily or other time records which would show the precise amount of time which I have devoted to this case. I estimate that my total time devoted to this litigation, including all of my phone calls, emails and other consultations with Plaintiffs' counsel,

3

reviewing the papers in the case, involved approximately ___4___ hours of my time from 2009 to the present.

16.    For all the foregoing reasons, I respectfully request that this court grant the motion for an award of attorneys' fees, reimbursement of expenses and case contribution awards.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 31, 2011

_Chad McFearin_
Chad McFearin

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Mark W. Mayer, Larry C. Welsh and Brandi : <br> Young, Individually, and on Behalf of the : <br> Smurfit-Stone Container Corporation : <br> Savings Plan the Jefferson Smurfit : <br> Corporation Hourly Savings Plan the : <br> Smurfit-Stone Container Corporation Hourly : <br> Savings Plan, and St. Laurent Paperboard : <br> Hourly Savings Plan, : <br><br> Plaintiffs, : <br><br> v. : <br><br> ADMINISTRATIVE COMMITTEE OF : <br> THE SMURFIT-STONE CONTAINER : <br> CORPORATION RETIREMENT PLANS , : <br> PATRICK J. MOORE, PAUL K. : <br> KAUFMAN, CHARLES HINRICHS, RON : <br> HACKNEY AND BRIAN GARDNER, : <br><br> Defendants. : | Case No. 1:09-cv-02984 <br> Hon. Virginia M. Kendall <br><br> COMPLAINT FOR VIOLATIONS <br> OF THE EMPLOYEE <br> RETIREMENT INCOME <br> SECURITY ACT OF 1974 <br> ("ERISA") <br><br> JURY TRIAL DEMANDED |

### DECLARATION OF PLAINTIFF BRANDI YOUNG IN SUPPORT OF FINAL APPROVAL OF PROPOSED SETTLEMENT

I, Brandi Young, make this Declaration pursuant to 28 U.S.C. § 1746:

1.    I am one of the named Plaintiffs in this action and a resident of the state of

Arkansas. I am a former employee of Smurfit-Stone Container Corp., ("Smurfit"), having been

employed by Smurfit from Dec 99 to Aug 08 .

2.    I submit this Declaration in support of Plaintiffs' motion for final

approval of the proposed settlement and in support of Plaintiffs' motion for an award of

attorneys fees, reimbursement of case expenses and case contribution awards.

3. I understand that this Court has issued an order preliminarily approving the settlement for purposes of giving notice of the proposed settlement plan participants.

While I was employed by Smurfit, I was a participant in the Jefferson Smurfit Corporation Hourly Savings Plan (the "Plan"). I was a Plan participant during the period covered by this litigation.

4. I am represented by Izard Nobel LLP and Major Khan LLC.

5. During the period covered by the litigation, my Plan account contained Smurfit company stock.

6. After careful consideration, I agreed to serve as one of the named plaintiffs. I understand, that among other things, this case was initially brought as a class action lawsuit against a Smurfit committee and employees who were responsible for the Plan losses to my Plan and other 401(k) plans associated with Smurfit (collectively "Plans") as a result of the Plans' investment in the stock of Smurfit.

7. I understood at the time that I agreed to participate as a named plaintiff that I may have to appear for a deposition (possibly in Illinois) and give testimony in this action. I also understand that if the case goes to trial I would have to travel to give testimony live before the fact-finder.

8. Prior to my authorization to commence a lawsuit on behalf of myself and on behalf of a proposed class of participants in the Plan, I reviewed and approved the initial complaint. Later, I reviewed drafts of amended complaints and approved them as was well. In prosecuting the suit, I hoped to obtain a monetary recovery for myself and other Plan participants who held Smurfit common stock or units of the Smurfit stock fund in their Plan accounts.

2

9.    I became involved in this litigation because I believe it was wrong for Defendants to permit the Plans to invest in the stock of Smurfit during this period. I do not think it was prudent for the Plans to invest in company stock in light of the serious undisclosed financial problems Smurfit was having nor was it proper for Defendants not to disclose this information to Plan participants.

10.    After I agreed to serve as a plaintiff in this case, I conferred regularly with my attorneys and in particular attorney Major Khan. In addition to numerous telephone calls with counsel to discuss the case, I have communicated with counsel by email and regular mail. I have also responded to questions and requests for information from Attorney Khan.

11.    During the course of the litigation, I participated in the following activities: (i) investigating claims against Smurfit and the Plan fiduciaries; (ii) communicating with my counsel in connection with the investigation of the claim and the preparation and filing of the initial complaint and amended complaints; (iii) reviewing public records and other documents such as Plan-related documents and other materials in connection with the case against the Defendants; (iv) following news stories about Smurfit and alerting my counsel to any that seemed relevant; (v) reviewing and approving other court documents filed in the action and discussions with my counsel in connection therewith; (vi) regular update communications with counsel concerning the status and strategy of the action; (vii) searching my own files for Smurfit related documents and sending what I found to my counsel; (viii) regular updates with my counsel regarding various motions, (ix) regular updates with my counsel about general discovery issues and the progress of same; (x) communications with my counsel about the proposed settlement talks to be held in an attempt to settle this case; (xi) review and approval of the terms of the proposed settlement; (xii) review of the written settlement documents and the motion

3

papers asking this Court to give preliminary approval to this proposed settlement and (xiii) review of the current motion papers asking this Court to give final approval to the proposed settlement and to award attorneys fees, case expenses and case contribution awards. I approached each of these tasks with diligence, focus, and commitment.

12.    In addition, my attorney gave me an update as to the results of the hearing before the court seeking preliminary approval of settlement, approval of the proposed plan of notice and the setting of the final fairness hearing. I then reviewed this Court's order granting preliminary approval of the proposed settlement.

15.    I have also received via regular mail a copy of the same long form Notice which was sent out to affected Plan participants. I reviewed it and I understood it.

16.    I believe that my claims in this case are basically the same as the claims of the other participants in the Plans. As such, I think that my claims and the claims of others involve common issues. I also think my claims are typical of the claims of other Plan participants as some of my 401(k) was invested in Smurfit company stock at a time when the Smurfit stock was not a prudent investment for retirement.

17.    I also believe that I am an adequate representative as I have been faithful in communicating with my attorneys and overseeing the progress of the case.

18.    I was kept apprised of all settlement discussions, formal and informal and approved the settlement of this action both individually and as a representative. I believe that the proposed settlement is in the best interest and would ask the Court to give final approval to the proposed settlement. I am aware that the proposed settlement as well as the attorneys' fees and case expense applications are subject to court approval. As of this date, I am unaware of any person who objects to the foregoing.

4

19.    If the settlement is approved, I understand that the recovery will be paid to the Plans and then apportioned amongst the accounts in the Plans on a pro rata basis pursuant to a Court approved Plan of Allocation after deducting administrative expenses, any plaintiff awards, and any award of attorneys' fees and case expenses as approved by the Court.

20.    I have not kept detailed daily or other time records which would show the precise amount of time which I have devoted to this case but I have reviewed my records of my communications with Plaintiffs' counsel and the volume of court papers and other materials I reviewed. I estimate that my total time devoted to this litigation, including all of my phone calls, emails and other consultations with Plaintiffs' counsel, reviewing the pleadings and other court papers in the case, searching for and producing to Plaintiffs' counsel whatever Smurfit-related documents I had in my possession, together with the time I spent consulting on and reviewing the terms of the proposed settlement and the written settlement papers, the motion for preliminary approval of the settlement and the motion for final approval of the settlement involved approximately 10 hours of my time from 2009 to the present.

21.    For all the foregoing reasons, I respectfully request that this court grant the motion for an award of attorneys fees, reimbursement of expenses and case contribution awards.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 27, 2011

Brandi Young

5